JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Deborah Grooms

### DEFENDANTS
Tyrone Wiggins, City of Phila., Richard Neal, John Timoney, Sylvester Johnson and Phila. Dept. of Parks and Recreation

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nancy J. Winkler, Esq., Eisenberg, Rothweiler,Winkler, Eisenberg & Jeck, P.C. - 1634 Spruce St., Phila., PA - 215-546-6636

Attorneys *(If Known)*
Christopher H. Rider, Esq.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &     Pharmaceutical     Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |     Liability    ☐ 368 Asbestos Personal ☐ 340 Marine     Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product     Liability     Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability |     Product Liability    ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal    ☐ 380 Other Personal     Injury     Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -    ☐ 385 Property Damage     Medical Malpractice     Product Liability | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | | Act ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | | | |
| ☐ 245 Tort Product Liability |     Accommodations    ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty     Employment | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities -   **Other:**     Other    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education    ☐ 550 Civil Rights | Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -     Conditions of     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983

Brief description of cause:
Civil Rights Violation under 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE  7/23/13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Deborah Grooms
1801 Beyer Avenue, Apt. B
Philadelphia, PA 19115
                    Plaintiff

                    V.

Tyrone Wiggins, in his individual and
Official Capacity as a member of the
City of Philadelphia Police Dept.
SCI Mahanoy
Inmate No.: JY6603
301 Morea Road
Frackville, PA 17932
          and
City of Philadelphia
1515 Arch Street
Philadelphia, PA 19102
          and
Richard Neal, in his individual and
Official Capacity as the Commissioner of the
City of Philadelphia Police Dept.
One Franklin Square
Philadelphia, PA 19106
          and
John Timoney, in his individual and
Official Capacity as the Commissioner
of the City of Philadelphia Police Dept.
One Franklin Square
Philadelphia, PA 19106
          and
Sylvester Johnson, in his individual and
Official Capacity as the Commissioner of the
City of Philadelphia Police Dept.
One Franklin Square
Philadelphia, PA 19106
          and
Phila. Dept. of Parks and Recreation
1515 Arch Street
Philadelphia, PA 19102
                    Defendants

Civil Action

NO: _____

Formerly

Court of Common Pleas
Philadelphia County
Trial Division – Civil
July Term 2013
No. 000212

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendant, the City of Philadelphia (hereinafter "petitioners") through their counsel, Christopher H. Rider, Assistant City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1.    In July 2013, plaintiff initiated this action by a Complaint in the Court of Common

Pleas in Philadelphia, July 2013, No. 000212.  (Exhibit A - Complaint).

2.  On July 3, 2013 said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3.  Plaintiff alleges that on January 1, 1997, she sustained damages when her civil rights were violated by the defendants. (Exhibit A ).

4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioner, the City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig Straw
Chief Deputy City Solicitor

CHRISTOPHER H. RIDER
**Assistant City Solicitor**
**Attorney I.D. No. 307265**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5444

Date: 7/22/13

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Deborah Grooms<br>1801 Beyer Avenue, Apt. B<br>Philadelphia, PA 19115<br><div align="center">Plaintiff</div> | Civil Action<br><br>NO: _____ |
| <div align="center">V.</div><br>Tyrone Wiggins, in his individual and<br>Official Capacity as a member of the<br>City of Philadelphia Police Dept.<br>SCI Mahanoy<br>Inmate No.: JY6603<br>301 Morea Road<br>Frackville, PA 17932<br><div align="center">and</div><br>City of Philadelphia<br>1515 Arch Street<br>Philadelphia, PA 19102<br><div align="center">and</div><br>Richard Neal, in his individual and<br>Official Capacity as the Commissioner of the<br>City of Philadelphia Police Dept.<br>One Franklin Square<br>Philadelphia, PA 19106<br><div align="center">and</div><br>John Timoney, in his individual and<br>Official Capacity as the Commissioner<br>of the City of Philadelphia Police Dept.<br>One Franklin Square<br>Philadelphia, PA 19106<br><div align="center">and</div><br>Sylvester Johnson, in his individual and<br>Official Capacity as the Commissioner of the<br>City of Philadelphia Police Dept.<br>One Franklin Square<br>Philadelphia, PA 19106<br><div align="center">and</div><br>Phila. Dept. of Parks and Recreation<br>1515 Arch Street<br>Philadelphia, PA 19102<br><div align="center">Defendants</div> | Formerly<br><br>Court of Common Pleas<br>Philadelphia County<br>Trial Division – Civil<br>July Term 2013<br>No. 000212 |

## NOTICE OF FILING OF REMOVAL

TO:    Nancy J. Winkler, Esq.
           Eisenberg, Rothweiler, Winkler,
           Eisenberg & Jeck, P.C.
           1634 Spruce Street
           Philadelphia, PA 19103

PLEASE TAKE NOTICE THAT on    July 23, 2013, defendant, the City of Philadelphia

filed, in the office of the Clerk of the United States District Court for the Eastern District of

Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

CHRISTOPHER H. RIDER
**Assistant City Solicitor**
**Attorney I.D. No. 307265**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5444

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Deborah Grooms
1801 Beyer Avenue, Apt. B
Philadelphia, PA 19115
                    Plaintiff

                    v.

Tyrone Wiggins, in his individual and
Official Capacity as a member of the
City of Philadelphia Police Dept.
SCI Mahanoy
Inmate No.:  JY6603
301 Morea Road
Frackville, PA  17932
        and
City of Philadelphia
1515 Arch Street
Philadelphia, PA  19102
        and
Richard Neal, in his individual and
Official Capacity as the Commissioner of the
City of Philadelphia Police Dept.
One Franklin Square
Philadelphia, PA  19106
        and
John Timoney, in his individual and
Official Capacity as the Commissioner
of the City of Philadelphia Police Dept.
One Franklin Square
Philadelphia, PA  19106
        and
Sylvester Johnson, in his individual and
Official Capacity as the Commissioner of the
City of Philadelphia Police Dept.
One Franklin Square
Philadelphia, PA  19106
        and
Phila. Dept. of Parks and Recreation
1515 Arch Street
Philadelphia, PA  19102
                    Defendants

Civil Action

NO: _____


Formerly

Court of Common Pleas
Philadelphia County
Trial Division -- Civil
July Term 2013
No. 000212


## CERTIFICATE OF SERVICE

I, Christopher H. Rider, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:   Nancy J. Winkler, Esq.
       Eisenberg, Rothweiler, Winkler,
       Eisenberg & Jeck, P.C.
       1634 Spruce Street
       Philadelphia, PA  19103

**Christopher H. Rider**
**Assistant City Solicitor**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5444

Date: 7/22/13

Exhibit "A"

#1310582
(NO RISK FILE)

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

*For Prothonotary Use Only (Docket Number)*

**JULY 2013**

*E-Filing Number: 1307001845*

**000212**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DEBORAH GROOMS | TYRONE WIGGINS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1801 BEYER AVENUE APARTMENT B<br>PHILADELPHIA PA 19115 | INMATE#JY6603 SCI MAHANOY  301 MOREA ROAD<br>FRACKVILLE PA 17932 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | CITY OF PHILADELPHIA  OK |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 1515 ARCH STREET<br>PHILADELPHIA PA 19102 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | RICHARD NEAL |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | ONE FRANKLIN SQUARE<br>PHILADELPHIA PA 19106 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 6 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☒ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration   ☐ Mass Tort   ☐ Commerce   ☐ Settlement<br>☒ Jury   ☐ Savings Action   ☐ Minor Court Appeal   ☐ Minors<br>☐ Non-Jury   ☐ Petition   ☐ Statutory Appeals   ☐ W/D/Survival<br>☐ Other: |

**CASE TYPE AND CODE**

20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED**<br>**PRO PROTHY**<br>JUL 01 2013<br>**J. OSTROWSKI** | YES        NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>DEBORAH GROOMS</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| NANCY J. WINKLER | 1634 SPRUCE STREET<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER |  |
|---|---|---|
| (215)546-6636 | (215)546-0118 |  |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 49465 | nancy@erlegal.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *NANCY WINKLER* | Monday, July 01, 2013, 03:06 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. PHILADELPHIA DEPARTMENT OF PARKS AND RECREATION
   1515 ARCH STREET
   PHILADELPHIA PA 19102
2. SYLVESTER JOHNSON
   ONE FRANKLIN SQUARE
   PHILADELPHIA PA 19106
3. JOHN TIMONEY
   ONE FRANKLIN SQUARE
   PHILADELPHIA PA 19106
4. RICHARD NEAL
   ONE FRANKLIN SQUARE
   PHILADELPHIA PA 19106
5. CITY OF PHILADELPHIA
   1515 ARCH STREET
   PHILADELPHIA PA 19102
6. TYRONE WIGGINS
   INMATE#JY6603 SCI MAHANOY  301 MOREA ROAD
   FRACKVILLE PA 17932

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.
By:     Stewart J. Eisenberg, Esquire
        Nancy J. Winkler, Esquire
        Dino Privitera, Esquire
Identification Nos: 32151/49465/69814
1634 Spruce Street
Philadelphia, PA 19103
(215) 546-6636



**Attorneys for Plaintiff**

| | |
|---|---|
| Deborah Grooms<br>1801 Beyer Avenue, Apt B<br>Philadelphia, PA 19115 | : |
| | : |
| *Plaintiff* | : |
| v. | : |
| | : |
| Tyrone Wiggins, in his individual and<br>Official Capacity as a member of the City of<br>Philadelphia Police Department<br>SCI Mahanoy<br>Inmate No.: JY6603<br>301 Morea Road<br>Frackville, PA 17932 | : |

PHILADELPHIA COURT OF
COMMON PLEAS

JULY TERM 2013

NO:

and

City of Philadelphia
1515 Arch Street
Philadelphia, PA 19102

and

Richard Neal, in his individual and
Official Capacity as the Commissioner of the
City of Philadelphia Police Department
One Franklin Square
Philadelphia, PA 19106

JURY TRIAL DEMANDED

and

John Timoney, in his individual and
Official Capacity as the Commissioner
of the City of Philadelphia Police Department
One Franklin Square

Case ID: 130700212

Philadelphia, PA 19106     :

    and       :

            :

Sylvester Johnson, in his individual and :
Official Capacity as the Commissioner of the :
City of Philadelphia Police Department :
One Franklin Square     :
Philadelphia, PA 19106     :

    and       :

            :

Philadelphia Department of Parks and Recreation :
1515 Arch Street      :
Philadelphia, PA 19102     :

            :

     *Defendants*   :

            :

_____:

2

Case ID: 130700212

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you buy the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

LAWYER REFERRAL SERVICE
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania 19107
(215) 238-6333

**AVISO**

Le han demandado a usted en la corte. Si, usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fedcha de la demanda y la notificaíolon. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defienda, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con tadas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTA. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO."

SERVICIO DE REFERENCIA LEGAL
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania 19107
Teléfono (215) 238-6333

## CIVIL ACTION COMPLAINT
## CIVIL RIGHTS

AND NOW COMES the Plaintiff, Deborah Grooms, by and through her legal counsel, Stewart J. Eisenberg, Esquire, Nancy J. Winkler, Esquire and Dino Privitera, Esquire of the law firm of EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C., and avers the following:

## NATURE OF THE CASE

1.      Plaintiff Deborah Grooms brings this action pursuant to 42 U.S.C. §1983 and state law against all of the above named Defendants to recover for injuries and harm that were

3

Case ID: 130700212

wantonly and willfully inflicted upon her by former and now imprisoned Philadelphia Police Officer Tyrone Wiggins, who engaged in a course of repeated sexual assault and violence against the Plaintiff, beginning when she was a minor and continuing into adulthood, by using, misusing, and abusing his official authority, status, title and position as a Philadelphia Police Officer to yield influence and control over Plaintiff for the purpose of sexually assaulting, violating and exploiting her, as well as to prevent her from reporting the years of sexual abuse to authorities.

2.    Plaintiff Deborah Grooms also brings this action against the City of Philadelphia, former Police Commissioners Richard Neal, John Timoney and Sylvester Johnson for failing to properly screen, train, control, monitor and/or supervise Defendant Wiggins' activities and conduct, for failing to properly investigate, discipline and/or discharge Defendant Wiggins, for possessing actual and/or constructive knowledge of and/or acquiescing to Defendant Wiggins' abuses and violations of official authority and position as a police officer as described herein, for failing to intervene and stop Defendant Wiggins from committing, and continuing to commit over a period of several years, the wanton and willful violations described herein, for failing to preclude, prevent and/or restrain Defendant Wiggins from effectuating deprivations of constitutional rights under color of law, and for failing to prevent recurrence of the harm to Plaintiff.

3.    Plaintiff Deborah Grooms also brings this action against the Philadelphia Department of Parks and Recreation, which was otherwise responsible for the safety, health and well-being of children and other individuals under its care and participating in activities and programs offered at the Olney Recreation Center and for supervising Defendant Wiggins' activities as a karate instructor at the Olney Recreation Center, for failing to properly screen,

4

investigate, train, control, monitor and/or supervise Defendant Wiggins' activities and conduct, for possessing actual and/or constructive knowledge of and/or acquiescing to Defendant Wiggins' abuses and violations of official authority and position as a police officer as described herein, for failing to intervene and stop Defendant Wiggins from committing, and continuing to commit over a period of several years, the wanton and willful violations described herein, for failing to preclude, prevent and/or restrain Defendant Wiggins from effectuating deprivations of constitutional rights under color of law, and for failing to prevent recurrence of the harm to Plaintiff.

4.      Plaintiff Deborah Grooms also brings this action against the City of Philadelphia and/or Philadelphia Department of Parks and Recreation under a *Monell* theory of municipal liability for failing to adopt, implement, maintain and/or enforce proper policies, practices and procedures and/or for adopting, implementing, maintaining and/or enforcing improper, inadequate and reckless polices, practices and procedures governing the conduct and activities of police officers.  Defendants' policies, practices, procedures and customs showed deliberate indifference to the constitutional rights of citizens, including Plaintiff Deborah Grooms, and failed to effectively safeguard citizens from official oppression at the hands of police officers.

## PARTIES

5.      Plaintiff Deborah Grooms hereby incorporates by reference the preceding paragraphs.

6.      Plaintiff Deborah Grooms is an adult individual and citizen of the Commonwealth of Pennsylvania who currently resides at 1801 Beyer Avenue, Apt. B, Philadelphia, PA 19115.

7.      Defendant Tyrone Wiggins ("Wiggins") is an adult individual who is currently

incarcerated at the State Correctional Institute at Mahanoy, inmate number JY6603. SCI

Mahanoy is located at 301 Morea Road, Frackville, PA 17932.

8.      At all relevant times hereto, Defendant Wiggins was employed as a police officer

acting under color of law, with the Philadelphia Police Department.

9.      At all relevant times, Defendant Wiggins acted in his individual capacity, and in

his official capacity as a sworn police officer in the Philadelphia Police department, and was

entrusted with the power and authority to protect and serve the citizenry and to enforce the laws

of the Commonwealth of Pennsylvania and the City of Philadelphia.

10.     At all relevant times, Defendant Wiggins was entrusted to protect the

constitutional and civil rights of the citizens he encountered and was acting within the course and

scope of his duties and authority, under color of state law, and was supervised or controlled by

one or more of the other Defendants herein in the performance of his conduct and activities.

11.     Defendant Richard Neal ("Neal") is an adult individual, and the former Police

Commissioner of the Philadelphia Police Department between 1992 and 1998, who, upon

information and belief, may be properly served at Police Headquarters located at One Franklin

Square, Philadelphia, PA 19106.

12.     Defendant John Timoney ("Timoney") is an adult individual, and the former

Police Commissioner of the Philadelphia Police Department between 1998 and 2002, who, upon

information and belief, may be properly served at Police Headquarters located at One Franklin

Square, Philadelphia, PA 19106.

13.     Defendant Sylvester Johnson ("Johnson") is an adult individual, and the former

Police Commissioner of the Philadelphia Police Department between 2002 and 2008, who, upon

6

information and belief, may be properly served at Police Headquarters located at One Franklin Square, Philadelphia, PA 19106.

14.     At all relevant times, Defendants Neal, Timoney and Johnson were acting under color of law as the Police Commissioners of the Philadelphia Police Department, serving in their official capacities as sworn officers and were entrusted with the power to protect and serve the citizenry and to enforce the laws of the Commonwealth of Pennsylvania and the City of Philadelphia.

15.     At all relevant times, Defendants Neal, Timoney and Johnson were entrusted to protect and oversee, in a supervisory capacity, all police personnel and police activities, to create policy, develop policy, adopt policy, implement policy, enforce policy, and to implement discipline for violations of policy, and were also the ultimate and final authority within the Philadelphia Police Department for the hiring, screening, controlling, supervising and/or disciplining of police officers, and were entrusted to protect the constitutional and civil rights of those citizens they and their police personnel encountered in the performance of their duties.

16.     Defendant City of Philadelphia is a governmental/municipal entity authorized and existing by virtue of laws and ordinances within the Commonwealth of Pennsylvania, with a business address for service of process at 1515 Arch Street, Philadelphia PA 19102.

17.     The Philadelphia Police Department is a subunit of the City of Philadelphia, and not a separate or distinct entity capable of being sued.  The individual defendants named above were all Philadelphia Police Officers.

18.     At all relevant times, Defendant City of Philadelphia owned, operated, maintained, supervised, controlled, and was otherwise responsible for the Philadelphia Police

7

Department, its Commissioners, Commanding Officers, and member Police Officers.

19.     Defendant City of Philadelphia is empowered to establish, regulate and control its Police Department for enforcement of laws within its jurisdiction and for the purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of the City of Philadelphia.

20.     Defendant Philadelphia Department of Parks and Recreation is a governmental/municipal entity existing by virtue of laws and ordinances within the Commonwealth of Pennsylvania, and operating as an agency or department within the City of Philadelphia, with a business address for service of process at 1515 Arch Street, Philadelphia PA 19102.

21.     At all relevant times, Defendant the Philadelphia Department of Parks and Recreation, owned, operated, maintained, supervised, controlled, and was otherwise responsible for various recreation centers located throughout the City of Philadelphia, including the Olney Recreation Center located at 6001 A Street, Philadelphia, PA 19120.

22.     At all relevant times, Defendants City of Philadelphia and Philadelphia Department of Parks and Recreation, acted by and through its duly appointed agents, ostensible agents, servants, workmen, employees and/or member police officers, and are liable for the actions of said individuals while they acted within the course and scope of their employment with the City of Philadelphia and/or the Philadelphia Department of Parks and Recreation.

23.     At all relevant times, Defendants City of Philadelphia, Neal, Timoney, Johnson and/or Philadelphia Department of Parks and Recreation, had non-delegable duties to preclude, prevent and/or restrain Defendant Wiggins from effectuating deprivations of Plaintiff's

8

constitutional and civil rights, to prevent recurrence of the injuries and harm to Plaintiff at the hands of Defendant Wiggins, to properly screen Defendant Wiggins' background, to verify and re-verify his credentials and fitness to serve as a Police Officer and/or as a karate instructor at Olney Recreation Center, to properly investigate citizen complaints concerning Defendant Wiggins' improper conduct as a police officer, to properly train, control and/or supervise Defendant Wiggins' activities and conduct while he was on the police force and/or while he was an karate instructor at the Olney Recreation Center, to properly discipline or discharge him for improper conduct or for conduct unbecoming of a Police Officer and/or to create, develop, adopt, enforce, implement and/or maintain proper policies and procedures to safeguard and protect the public at large from rogue, abusive, and out-of-control Police Officers who, through flagrant and outrageous use, misuse and abuse of their official authority as Police Officers, were able to engage in criminal acts or sexual assaults of innocent citizens and victims.

24.     At all relevant times, Defendants City of Philadelphia, Neal, Timoney, Johnson and/or Philadelphia Department of Parks and Recreation, individually and severally, breached their respective duties as described herein and completely abdicated their duties and responsibilities to ensure Defendant Wiggins would not use, misuse and abuse his official authority and status as a Police Officer to perpetrate and commit sexual assaults and violence against the Plaintiff Deborah Grooms, which resulted in severe and permanent physical and emotional harm to Plaintiff, as more fully described below.

25.     Plaintiff's claims arise under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, and the laws of the Commonwealth of Pennsylvania to redress the deprivation under color of state law, rights, privileges and immunities secured to

9

Plaintiff by the Constitution of the United States and state law.

## RELEVANT FACTS

26.    Plaintiff Deborah Grooms hereby incorporates by reference the preceding paragraphs.

27.    At all relevant times, Defendant Wiggins was employed as a Philadelphia Police Officer, and used, misused and abused his official authority, status and power as a Philadelphia Police Officer to perpetrate and commit sexual crimes and other violence against the Plaintiff Deborah Grooms.

28.    Upon information and belief, Defendant Wiggins, a former Marine, is also an eighth degree black belt and a master martial arts teacher known as a "sensei."

29.    At all relevant times, Defendant, Tyrone Wiggins was permitted by the City of Philadelphia, Commissioners Neal, Timoney and/or Johnson, as well as the Philadelphia Department of Parks and Recreation, to instruct and teach a karate class to various youngsters and students, including Plaintiff, at the Olney Recreation Center, located at 6001 N. A Street in Philadelphia.

30.    As a police officer, former Marine, and martial arts master,  Defendant Wiggins was an imposing authority figure and exercised considerable influence and control over the youngsters and students with whom he came into contact for the purposes of gaining their trust.

31.    Commencing in or about 1995, when the Plaintiff Deborah Grooms was only ten (10) years old, she, and her brother, were enrolled in the karate class taught by Defendant Wiggins at the Olney Recreation Center.

32.    After Plaintiff Deborah Grooms started karate classes, and while she was still a

10

minor, Defendant Wiggins targeted her for sexual exploitation and commenced a two year "grooming process" during which time Defendant Wiggins ingratiated himself with Plaintiff's family and became a self-described "father" or "godfather" to Plaintiff and her brothers.

33. In or about 1997, when the Plaintiff was only twelve (12) years old, Defendant Wiggins, then thirty-eight (38) years of age, took Plaintiff to his home and showed her a pornographic movie. Defendant Wiggins asked Plaintiff if she enjoyed or liked the pornographic movie, and then proceeded to threaten to hurt Plaintiff if she told anyone.

34. In or about 1997, Defendant Wiggins drove Plaintiff in a van to a secluded area in Fairmount Park. While alone, Defendant Wiggins exposed himself to Plaintiff, and had her perform a sex act on him.

35. About a week later, Defendant Wiggins returned to Fairmount Park with the Plaintiff, ordered her to remove her pants, and then raped her inside his van.

36. Commencing in or about 1997, and continuing for a period of approximately eight (8) years or more, Defendant Wiggins, engaged in numerous acts of sexual intercourse, oral sex, and anal sex with Plaintiff Deborah Grooms at various times and locations, including but not limited to the Olney Recreational Center, Plaintiff's apartment at the time, Defendant Wiggins' home, hotels, and Defendant Wiggins' van while at Fairmount Park.

37. In addition, during the same period of time, Defendant Wiggins, a martial arts expert and instructor, physically and verbally abused Plaintiff, attacked her and beat her causing visible injuries. Defendant Wiggins engaged in such violence and abusive conduct to keep Plaintiff in a state of perpetual fear and as a means of subjugating, controlling and silencing Plaintiff to keep her from disclosing or revealing Defendant Wiggins' sexual exploitation of

11

Plaintiff.

38.     Defendant Wiggins repeatedly and constantly used, misused and abused his official authority and position as a Police Officer, not only to get near Plaintiff Deborah Grooms, win over her family, and gain her trust, but also to control her and prevent her from ending or reporting the sexual abuse and violence.

39.     Defendant Wiggins repeatedly threatened to have Plaintiff "locked up" if Plaintiff called the police to report the sexual abuse and violence.

40.     In addition, Defendant Wiggins threatened to destroy Plaintiff's career and life in Philadelphia, and that she would never be able to work for the City of Philadelphia or achieve her ambition and dream to work as a Philadelphia Police Officer herself "as long as he was a cop in Philly."

41.     Defendant Wiggins also told Plaintiff not to tell anyone about the sexual abuse and violence, and that "nobody would believe [her] anyway because he was a cop."

42.     On occasions when Defendant Wiggins would become loud and violent, neighbors in Plaintiff's apartment would call the police to report the disturbance.  When the police did respond, Defendant Wiggins "always showed his badge and told them everything was okay and they never asked any more questions."

43.     In addition, Defendant Wiggins would have sex with Plaintiff while he was on duty.

44.     There were also occasions, while Plaintiff was still a minor, when Defendant, Wiggins, would bring Plaintiff and her brother to his assigned police precinct at the time. Defendant Wiggins would take Plaintiff's brother to the police gym or weight room where he

12

would be occupied for a period of time, and would then take the Plaintiff to Fairmount Park where Wiggins would have sex with Plaintiff while he was on duty.

45.     Defendant Wiggins also would come to Plaintiff's apartment to have sex with her while he was on duty, and wearing his "work rig," and would lie to radio dispatch about being in Plaintiff's apartment when dispatch asked about his whereabouts.

46.     Eventually, Plaintiff Deborah Grooms could no longer tolerate the threats, sexual abuse and violence. She mustered the strength to confide in co-workers who strongly encouraged her to come forward and report the matter to the police.

47.     On January 12, 2006, Plaintiff Deborah Grooms reported Wiggins' sexual abuse and violence to the Philadelphia Police Department. Plaintiff Deborah Grooms gave statements to the Philadelphia Police Department's Special Victims Unit and the Internal Affairs Division. That same day, Plaintiff Deborah Grooms obtained an emergency protection from abuse order, which was served upon Defendant Wiggins.

48.     As is the normal and typical protocol for Police Officers under investigation for misconduct, in the aftermath of Plaintiff's disclosures, Defendant Wiggins was placed on restricted duty and his service weapon was confiscated. Per Order of the Police Commissioner, Defendant Wiggins was prohibited from taking police action on or off duty and/or carrying a firearm on or off duty.

49.     Despite the fact that Defendant Wiggins had not been "cleared" of wrongdoing and was under investigation for serious felony crimes carrying lengthy prison terms, the Commanding Officer of the Internal Affairs Division, in a memorandum dated August 3, 2007, authorized Wiggins' return to active duty, and further authorized the return of his service weapon.

13

50.    Over the course of the next approximately two years, the Internal Affairs Division of the Philadelphia Police Department conducted a comprehensive investigation of Defendant Wiggins, the outcome of which fully substantiated Plaintiff's complaints of sexual abuse and violence.

51.    On November 18, 2009, apparently tipped off that an arrest and formal charges were imminent and in an effort to save his city pension, Defendant Wiggins was permitted to resign from the Philadelphia Police Department.

52.    The next day, on November 19, 2009, Defendant Wiggins was arrested and charged with various serious crimes arising from his sexual assault of Plaintiff Deborah Grooms.

53.    No one within the Philadelphia Police Department saw fit to publicly announce that Defendant Wiggins had been arrested, nor did anyone in the Police Department notify officials with the City's Department of Parks and Recreation that, as a result of Wiggins' arrest, he should have no further contact with children or students or continue to teach karate at city-owned and/operated recreational centers.

54.    Incredibly, Defendant Wiggins was instead permitted to continue to teach karate classes at the Olney Recreational Center during the entirety of the criminal investigation, and for some period of time, even after his arrest.

55.    Defendant Wiggins was prosecuted by the Philadelphia District Attorney's Office for the sexual crimes he committed over many years against Plaintiff, Deborah Grooms.  A little over a year following his arrest, on December 14, 2010, a Philadelphia jury found Wiggins guilty of involuntary deviate sexual intercourse, aggravated indecent assault, statutory sexual assault, and corrupting the morals of a minor arising from his long-standing sexual exploitation of

14

Plaintiff.

56.     On March 25, 2011, Defendant Wiggins was sentenced to 17 ½ to 35 years in prison for his heinous crimes against Plaintiff Deborah Grooms.

### Count I

### <u>Deborah Grooms vs. All Defendants</u><br><u>Deprivation of Substantive Due Process</u>

57.     Plaintiff Deborah Grooms hereby incorporates by reference the preceding paragraphs.

58.     Plaintiff Deborah Grooms had a fundamental and well-established right to be secure in her person, a right not to be physically assaulted or emotionally brutalized and/or a right to be protected from sexual assault and violence at the hands of a Police Officer.

59.     Defendants' acts and omissions constituted deliberate indifference and callous disregard for Plaintiff's substantive due process rights to bodily integrity and to be free from sexual assault, oppression and violence at the hands of Police Officers who use, misuse, and abuse their authority, status and position, which is secured and protected by the Fourteenth Amendment to the Constitution of the United States, by, among other things:

(a)     the unlawful sexual assault and violence perpetrated and committed against Plaintiff at the hands of Defendant Wiggins who used, misused, and abused his official position, status and authority as a Police Officer to perpetrate his crimes against Plaintiff.

(b)     the intentional and reckless disregard for citizen complaints regarding Defendant, Wiggins' abuse of authority as a Police Officer.

(c)     the development and implementation of reckless policies, practices and/or procedures governing the conduct of Police Officers that inadequately protected innocent citizens, such as Plaintiff Deborah Grooms, from sexual assaults and violence perpetrated by rogue and out-of-control Police Officers.

15

(d)   the intentional and reckless failure of the Defendants to preclude, prevent, restrain and/or stop Defendant Wiggins from using, misusing and abusing his official authority, status and position as a Police to effectuate sexual assault of citizens, such as Plaintiff.

(e)   possessing actual and/or constructive knowledge of and acquiescing to Defendant Wiggins' violations of Plaintiff's constitutional and civil rights as described herein.

(f)   the intentional and reckless failure to prevent recurrence of the harm to Plaintiff at the hands of Defendant Wiggins.

(g)   the intentional and reckless failure to properly screen Defendant Wiggins' background and/or to verify and re-verify his credentials and fitness to serve as a Police Officer.

(h)   the unlawful sexual assault and battery of a minor at the hands of Defendant, Wiggins, who abused his official position as a police officer to "groom" and get close to Plaintiff when she was of tender age and vulnerable for the purpose of sexually abusing her.

(i)   the development and implementation of reckless policies, practices and/or procedures governing the off-duty and/or non-police activities of Police Officers.

(j)   the intentional and reckless failure to properly control, monitor and/or supervise Defendant Wiggins' off-duty and/or non-police activities, including his activities and conduct as a karate instructor at the Olney Recreation Center.

(k)   the development and implementation of reckless policies, practices and/or procedures governing the screening, hiring, discipline and retention of police officers who are unfit to serve.

(l)   the development and implementation of reckless policies, practices and/or procedures governing the assignment of unfit police personnel to duties that would result in the likelihood of injury or harm to innocent citizens and others through contact with such police personnel.

(m)   the intentional and reckless failure of defendants to properly train, supervise, monitor and/or control the actions and activities of police officers.

(n)   the development and implementation of reckless policies, practices and/or procedures governing the training, supervision, monitoring and/or control of police officers.

16

Case ID: 130700212

(o)    the intentional and reckless failure of defendants to properly discipline, reprimand or discharge police officers engaged in crimes, misconduct and/or other actions unbecoming of a police officer.

(p)    the development and implementation of reckless policies, practices and/or procedures governing the discipline, reprimand and/or discharge of police officers engaged in crimes, misconduct and/or other actions unbecoming of a police officer.

(q)    the intentional and reckless failure to properly oversee, supervise, monitor, control, curtail, or restrain the actions of unfit police officers, such as Defendant Wiggins, when Defendants knew, or should have known, from prior acts of misconduct by Defendant Wiggins posed a serious threat of physical injury and/or harm to innocent citizens.

60.    Defendants' conduct was egregious and shocked the conscience.

61.    The actions and/or inactions of Defendants violated the clearly established and well settled federal constitutional rights of the Plaintiff Deborah Grooms.

62.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms has suffered injuries which include, but are not limited to, the following: exposure to sexual assault, severe emotional disturbance, shame, embarrassment, the inability to socially adjust to her peers, the inability to be outgoing, anxiety, fear, as well as other permanent psychological disorders that will continue to have an adverse impact on her for the foreseeable future; emotional pain and suffering; loss of sleep; damage to nerves and the nervous system; and other ailments that Plaintiff's treating physicians have and will diagnose.

63.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions,  Plaintiff Deborah Grooms has been or will be required to receive and undergo medical attention and care and to expend various sums of money and incur various expenses and may be required to continue to expend such sums or incur such expenditures

17

for an indefinite time in the future.

64.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms, has suffered a significant loss of earnings and impairment of earning power and capacity.

65.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms has suffered substantial physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against Defendants, jointly and severally, together with attorney fees and costs, pre and post judgment interest.  Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, practices and acts complained of are illegal and unconstitutional.

## Count II

### Deborah Grooms vs. Defendants City of Philadelphia, Neal, Timoney, Johnson and Philadelphia Department of Parks and Recreation
### Failure to Properly Screen, Hire, Supervise, Investigate, Educate, Train, Discipline, Discharge and/or Control

66.     Plaintiff Deborah Grooms hereby incorporates by reference the preceding paragraphs.

67.     Plaintiff Deborah Grooms had a fundamental and well-established right to be secure in her person, a right not to be physically assaulted or emotionally brutalized, and/or a right to be protected from sexual assault and violence at the hands of a Police Officer.

68.     Defendants' acts and omissions constituted deliberate indifference and callous

18

disregard for Plaintiff's substantive due process rights to bodily integrity and to be free from sexual assault, oppression and violence at the hands of Police Officers who use, misuse, and abuse their authority, status and position, which is secured and protected by the Fourteenth Amendment to the Constitution of the United States.

69.     Among other things, Defendants permitted Wiggins to teach a karate class at the Olney Recreation Center where he had unbridled access to children and other individuals, including Plaintiff Deborah Grooms.

70.     Defendants knew or should have known that Wiggins was abusing his authority as a Police Officer to sexually exploit Plaintiff, beginning when she was a student in his karate class at the Olney Recreation Center.

71.     The violation of Plaintiff's substantive due process rights, as described above and herein, were also caused by the Defendants' refusal and/or failure to properly screen, hire, supervise, investigate, educate, train, discipline, discharge and/or control Defendant Wiggins, or otherwise to properly verify and re-verify his credentials, ability and fitness to serve as a Police Officer and/or to have access to children and to teach children karate at the Olney Recreation Center.

72.     Defendants' conduct was egregious and shocked the conscience.

73.     The actions and/or inactions of Defendants violated the clearly established and well settled federal constitutional rights of the Plaintiff Deborah Grooms.

74.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms has suffered injuries which include, but are not limited to, the following: exposure to sexual assault, severe emotional disturbance,

shame, embarrassment, the inability to socially adjust to her peers, the inability to be outgoing, anxiety, fear, as well as other permanent psychological disorders that will continue to have an adverse impact on her for the foreseeable future; emotional pain and suffering; loss of sleep; damage to nerves and the nervous system; and other ailments that Plaintiff's treating physicians have and will diagnose.

75.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms has been or will be required to receive and undergo medical attention and care and to expend various sums of money and incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

76.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms has suffered a significant loss of earnings and impairment of earning power and capacity.

77.     As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms has suffered substantial physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against Defendants, jointly and severally, together with attorney fees and costs, pre and post judgment interest. Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, practices and acts complained of are illegal and unconstitutional.

Case ID: 130700212

## Count III

### Deborah Grooms vs. Defendants City of Philadelphia and Philadelphia Department of Parks and Recreation
### Municipal Liability

78.     Plaintiff Deborah Grooms hereby incorporates by reference the preceding paragraphs.

79.     Defendant City of Philadelphia is a municipal entity that is subject to suit pursuant to 42 U.S.C. §1983.

80.     Defendant Philadelphia Department of Parks and Recreation operates as an agency or department within the City of Philadelphia that is subject to suit pursuant to 42 U.S.C. §1983.

81.     Defendant's constitutional torts are not governed or limited in any way by 42 Pa. C.S. §8541, *et seq.* or 42 Pa. C.S. §8521, *et seq.*

82.     Plaintiff Deborah Grooms had a fundamental and well-established right to bodily integrity, to be secure in her person, a right not to be physically assaulted or emotionally brutalized, and/or a right to be protected from sexual assault and violence at the hands of a Police Officer.

83.     Defendants' acts and omissions constituted deliberate indifference and callous disregard for Plaintiff's substantive due process rights to bodily integrity and to be free from sexual assault, oppression and violence at the hands of Police Officers who use, misuse, and abuse their authority, status and position, which is secured and protected by the Fourteenth Amendment to the Constitution of the United States.

84.     Defendants City of Philadelphia and/or Philadelphia Department of Parks and

21

Recreation have developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the constitutional rights of persons within the geographical and jurisdictional limits of the City and County of Philadelphia.

85.    The deprivation of Plaintiff's substantive due process rights to bodily integrity resulted from the constitutionally violative policies, practices, procedures and/or customs of the City of Philadelphia, including but not limited to, as follows:

(a)    the development and implementation of reckless policies, practices and/or procedures governing the conduct of police officers that inadequately protected citizens, such as Plaintiff Deborah Grooms, from sexual assaults and violence perpetrated by rogue and out-of-control police officers who use, misuse, and abuse their authority as Police Officers.

(b)    the development and implementation of reckless policies, practices and/or procedures governing the off-duty and/or non-police activities of Police Officers.

(c)    the development and implementation of reckless policies, practices and/or procedures governing the screening, hiring, discipline and retention of Police Officers who are unfit to serve.

(d)    the development and implementation of reckless policies, practices and/or procedures governing the assignment of unfit police personnel to duties that would result in the likelihood of injury or harm to innocent citizens and others through contact with such police personnel.

(e)    the development and implementation of reckless policies, practices and/or procedures governing the training, supervision, monitoring and/or control of Police officers.

(f)    the development and implementation of reckless policies, practices and/or procedures governing the discipline, reprimand and/or discharge of police officers engaged in crimes, misconduct and/or other actions unbecoming of a Police Officer.

86.    Defendants' conduct was egregious and shocked the conscience.

87.    The actions and/or inactions of Defendants violated the clearly established and

22

well settled federal constitutional rights of the Plaintiff Deborah Grooms.

88.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms has suffered injuries which include, but are not limited to, the following: exposure to sexual assault, severe emotional disturbance, shame, embarrassment, the inability to socially adjust to her peers, the inability to be outgoing, anxiety, fear, as well as other permanent psychological disorders that will continue to have an adverse impact on her for the foreseeable future; emotional pain and suffering; loss of sleep; damage to nerves and the nervous system; and other ailments that Plaintiff's treating physicians have and will diagnose.

89.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms has been or will be required to receive and undergo medical attention and care and to expend various sums of money and incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

90.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms has suffered a significant loss of earnings and impairment of earning power and capacity.

91.    As a direct result of Defendants' constitutional violative policies, procedures, customs, actions and/or omissions, Plaintiff Deborah Grooms has suffered substantial physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against

Case ID: 130700212

Defendants, jointly and severally, together with attorney fees and costs, pre and post judgment interest. Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, practices and acts complained of are illegal and unconstitutional.

### Count IV

### Deborah Grooms vs. Defendant Wiggins
### Intentional Infliction of Emotional Distress

92.   Plaintiff Deborah Grooms hereby incorporates by reference the preceding paragraphs.

93.   As set forth herein, Defendant Wiggins intended his criminal actions to cause harm to Plaintiff.

94.   The harm suffered by Plaintiff was a direct, foreseeable and proximate result of the criminal acts, as described more fully above and herein.

95.   As a direct and proximate result of the intentional infliction of emotional distress inflicted by Defendant Wiggins, Plaintiff Deborah Grooms has suffered injuries which include, but are not limited to, the following: exposure to sexual assault, severe emotional disturbance, shame, embarrassment, the inability to socially adjust to her peers, the inability to be outgoing, anxiety, fear, as well as other permanent psychological disorders that will continue to have an adverse impact on her for the foreseeable future; emotional pain and suffering; loss of sleep; damage to nerves and the nervous system; and other ailments that Plaintiff's treating physicians have and will diagnose.

96.   As a direct and proximate result of the intentional infliction of emotional distress inflicted by Defendant Wiggins, Plaintiff Deborah Grooms has been or will be required to receive

and undergo medical attention and care and to expend various sums of money and incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

97.     As a direct and proximate result of the intentional infliction of emotional distress inflicted by Defendant Wiggins, Plaintiff Deborah Grooms has suffered a significant loss of earnings and impairment of earning power and capacity.

98.     As a direct and proximate result of the intentional infliction of emotional distress inflicted by Defendant Wiggins, Plaintiff Deborah Grooms has suffered substantial physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against Defendants, jointly and severally, together with attorney fees and costs, pre and post judgment interest. Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, practices and acts complained of are illegal and unconstitutional.

### Count V

### Deborah Grooms vs. Defendant Wiggins
### Assault and Battery

99.     Plaintiff Deborah Grooms hereby incorporates by reference the preceding paragraphs.

100.    Plaintiff was sexually assaulted by Defendant Wiggins, as described more fully above and herein.

101.    At all relevant times, Defendant Wiggins used, misused, and abused his authority,

status and position of power as a Philadelphia Police Officer, and preyed upon Plaintiff, who was of tender age and vulnerable, in order to commit sex crimes against her, at a time when she was not legally capable of consenting to any sex acts with an adult male Police Officer.

102.   As set forth herein, the sexual assault by Defendant Wiggins was done wantonly, recklessly and with malicious and premeditated criminal intent and with an absolute disregard for the health, safety and welfare of Plaintiff.

103.   In committing the crimes described herein, Defendant Wiggins committed an offensive, abusive, harmful, illegal, unlawful, immoral and criminal touching of Plaintiff.

104.   Defendant Wiggins was convicted by a judge and jury of felony crimes and offenses arising out of the sexual assault of Plaintiff.

105.   The harm suffered by Plaintiff was a direct, foreseeable and proximate result of the criminal acts, as described more fully above and herein.

106.   As a direct result of Defendant Wiggins' criminal sexual assault and battery, Plaintiff Deborah Grooms has suffered injuries which include, but are not limited to, the following: exposure to sexual assault, severe emotional disturbance, shame, embarrassment, the inability to socially adjust to her peers, the inability to be outgoing, anxiety, fear, as well as other permanent psychological disorders that will continue to have an adverse impact on her for the foreseeable future; emotional pain and suffering; loss of sleep; damage to nerves and the nervous system; and other ailments that Plaintiff's treating physicians have and will diagnose.

107.   As a direct result of Defendant Wiggins' criminal sexual assault and battery, Plaintiff Deborah Grooms has been or will be required to receive and undergo medical attention and care and to expend various sums of money and incur various expenses and may be required to

26

Case ID: 130700212

continue to expend such sums or incur such expenditures for an indefinite time in the future.

108.   As a direct result of Defendant Wiggins' criminal sexual assault and battery, Plaintiff Deborah Grooms has suffered a significant loss of earnings and impairment of earning power and capacity.

109.   As a direct result of Defendant Wiggins' criminal sexual assault and battery, Plaintiff Deborah Grooms has suffered substantial physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff demands punitive, compensatory and special damages against Defendants, jointly and severally, together with attorney fees and costs, pre and post judgment interest.  Plaintiff also demands declaratory relief in the nature of a Declaratory Judgment that policies, practices and acts complained of are illegal and unconstitutional.

EISENBERG, ROTHWEILER,
WINKLER, EISENBERG & JECK, P.C.


By:   _s/Nancy J. Winkler_____
Stewart J. Eisenberg, Esquire
Nancy J. Winkler, Esquire
Dino Privitera, Esquire
Attorneys for Plaintiff

Date: July 1, 2013

27

## VERIFICATION

I, Deborah Grooms, having read the attached Complaint, verify that it is based on information furnished to counsel, which information has been gathered by counsel in connection with this lawsuit. The language of the Complaint, is that of counsel and is not mine. I verify that I have read the within Complaint and that it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this verification. This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_____

Deborah Grooms

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   1801 Beyer Avenue, Apt. B, Philadelphia, PA  19115

Address of Defendant:         Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:         Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).        Yes ☐        No ☒

Does this case involve multidistrict litigation possibilities?        Yes ☐        No ☒
*RELATED CASE IF ANY:*

Case Number: _____ Judge _____        Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                          Yes ☐        No ☒

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                                        Yes ☐        No ☒

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                            Yes ☐        No ☒

CIVIL: (Place   in ONE CATEGORY ONLY)

*A. Federal Question Cases:*

1.   ☐   Indemnity Contract, Marine Contract, and All
2.   ☐   FELA
3.   ☐   Jones Act – Personal Injury
4.   ☐   Antitrust
5.   ☐   Patent
6.   ☐   Labor-Management Relations
7.   ☒   Civil Rights
8.   ☐   Habeas Corpus
9.   ☐   Securities Act(s) Cases
10.  ☐   Social Security Review Cases
11.  ☐   All Other Federal Questions Cases (Please specify)

*B. Diversity Jurisdiction Cases:*

Other  Contracts   1. ☐  Insurance Contract and Other Contracts
2. ☐   Airplane Personal Injury
3. ☐   Assault, Defamation
4. ☐   Marine Personal Injury
5. ☐   Motor Vehicle personal Injury
6. ☐   Other Personal Injury (Please specify)
7. ☐   Products Liability
8. ☐   Products liability - Asbestos
9. ☐   All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,         Christopher H. Rider         , counsel of record do hereby certify:

☐   Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE:         7/23/13                 Christopher H. Rider                 307265
                                           Attorney-at-Law                        Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:         7/23/13                 Christopher H. Rider, Esquire                 307265
                                           Attorney-at-Law                        Attorney I.D. #

CIV. 609 (4/03)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Deborah Grooms

v. Tyrone Wiggins, City of Phila.,
Richard Neal, John Timoney,
Sylvester Johnson and Phila.
Dept. of Parks and Recreation

**Civil Action**

**No.**

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.          ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.     ( X )

| 7/23/13 | Christopher H. Rider, Esquire | City of Philadelphia, et al. |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 683-5444 | (215) 683-5397 | christopher.rider@phila.gov |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02